# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ETHAN GRIFFIN,

          Petitioner,

      v.                         CASE NO.  13-3166-SAC

ATTORNEY GENERAL,
STATE OF KANSAS,
          Respondent.

## MEMORANDUM AND ORDER

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Lansing Correctional Facility, Lansing, Kansas.  Having examined all materials filed, the court finds that the petition appears to be time-barred.  Mr. Griffin is given time to satisfy the filing fee and to show cause why this action should not be dismissed under 28 U.S.C. § 2244(d)(1).


## FILING FEE

The statutory fee for filing a federal habeas corpus petition is $5.00.  Petitioner has neither paid the fee nor submitted a motion to proceed in forma pauperis (IFP).  This action may not proceed until the filing fee is satisfied in one of these two ways.  A prisoner seeking to bring a habeas action without payment of fees must submit an affidavit that includes a statement of the prisoner's assets.  The prisoner must also submit a certified accounting of the funds available to him in his institutional account.  D.Kan.Rule

1

9.1(g);[1] see Rules Governing Section 2254 Cases in the United States District Courts, Rule 3(a)(2)(habeas petition must be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution"). The clerk shall be directed to send petitioner forms for filing a proper IFP motion. Mr. Griffin is forewarned that if he fails to satisfy the fee within the prescribed time, this action may be dismissed without prejudice and without further notice.

**FACTUAL BACKGROUND AND CLAIMS**

Petitioner was convicted by a jury in the District Court of Lyon County, Kansas, of two counts of first degree murder, five counts of aggravated battery, and two counts of burglary. On August 17, 2002, he was sentenced to two consecutive life terms plus a consecutive term of 72 months.

Mr. Griffin directly appealed to the Kansas Supreme Court (KSC), which granted his motion for remand to address his claims of ineffective assistance of trial counsel. Upon remand the trial

---

1    D.Kan.Rule 9.1(g)(2)(A) provides:

   Where a petitioner, movant, or plaintiff is an inmate of a penal
   institution and desires to proceed without prepayment of fees, he or
   she must also submit a certificate executed by an authorized officer
   of the institution in which he or she is confined. The certificate
   must state the amount of money or securities on deposit to his or her
   credit in any account in the institution.

court conducted an evidentiary hearing at which Mr. Griffin and his trial counsel testified, and that court denied relief. The KSC then heard all claims on direct appeal and affirmed on June 3, 2005. *State v. Griffin*, 279 Kan. 634, 112 P.3d 862 (2005).

On August 8, 2006, Mr. Griffin filed a motion for post-conviction relief pursuant to K.S.A. 60-1507 in Lyon County District Court alleging multiple grounds of ineffective assistance of trial counsel and appellate counsel. See *Griffin v. State*, 294 P.3d 362, at *1 (Kan.App. 2013)(Table). The judge that had presided over Mr. Griffin's trial appointed counsel for him, conducted a non-evidentiary hearing, and denied relief mainly on the ground that the claims were the same as addressed on direct appeal. *Id.* Griffin appealed the denial to the Kansas Court of Appeals (KCA), and that court affirmed in an unpublished opinion filed on September 19, 2008. *Griffin v. State*, 192 P.3d 184 (Kan.App. 2008). Mr. Griffin filed a Petition for Review that was denied by the KSC on April 21, 2009.

On January 9, 2012, Mr. Griffin filed his second petition for post-conviction relief pursuant to K.S.A. 60-1507 claiming trial errors.[2] The trial judge held that this motion was "clearly successive" under K.S.A. 60-1507(c) as well as untimely under K.S.A.

---

[2] "Griffin contended he was prejudiced by the release of a guilty verdict in the trial of a codefendant, Wallace L. Dixon, III, while Griffin's trial was still in progress." *State v.* Griffin, 279 Kan. at 636; *State v. Dixon*, 279 Kan. 563, 112 P.3d 883 (2005). Griffin also alleged that there were errors in the jury instructions, including the failure to give a lesser-included offense instruction." *Id.*

60-1507 (f), and that petitioner had not shown exceptional circumstances or manifest injustice, and denied relief. Mr. Griffin appealed to the KCA, which affirmed the denial on February 15, 2013.

Mr. Griffin executed this federal petition on September 24, 2013. As ground one, he appears to allege ineffective assistance of counsel. However, as factual support for this ground, he alleges several claims: that he was prejudiced because the guilty verdict of his separately-tried co-defendant Dixon was "read" prior to petitioner's trial rather than sealed; that his motion for change of venue was withdrawn in exchange for the agreement that Dixon's verdict would be sealed, but the agreement was breached; that defense counsel was hostile toward him; and that the prosecution used inconsistent theories and misstated evidence and the law. He includes the conclusory phrase of "manifest injustice or exceptional circumstances." As ground two, petitioner repeats that he was prejudiced because he withdrew his motion for change of venue as a result of the unfulfilled agreement. As supporting facts, he alleges that he filed a motion for mistrial claiming that he was prejudiced because he gave up his motion for change of venue as a result of the cancelled agreement and it was imperative that the Dixon verdict remain sealed until his trial was completed because he was compelled to testify against Dixon. As ground three, petitioner claims that the jury instructions were erroneous in that the lesser included instruction was not included. As supporting facts he

alleges that the verdict was contrary to the evidence with respect to counts one and two, and that he was charged with having committed first degree murder under two alternative theories of either aggravated arson or burglary. As ground four, petitioner claims that the trial court erred in finding that his second 60-1507 motion was successive despite a 2011 state court decision (State v. Berry).

**FEDERAL PETITION APPEARS TO BE TIME-BARRED**

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1) as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

A statutory exception exists in that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." 28 U.S.C. § 2244(d)(2).

Applying the foregoing statutory provisions to the facts of this case, it appears that Mr. Griffin's federal habeas corpus petition was not filed within the applicable statute of limitations. The Kansas Supreme Court denied review of Mr. Griffin's direct appeal on June 3, 2005, and he did not seek a writ of certiorari from the

United States Supreme Court. As a result, Mr. Griffin's conviction and sentence became "final" as that term is used in § 2244(d)(1), ninety days later on September 1, 2005, when the time in which he could have petitioned for certiorari review expired. See Sup. Ct. R. 13(1); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). The federal statute of limitations began running at that time, and ran unimpeded until August 8, 2006, when Mr. Griffin filed his first 60-1507 motion. Consequently, all but 19 days of the one-year statute of limitations expired prior to petitioner's filing of his first state post-conviction motion. The federal statute of limitations was statutorily tolled during the pendency of this motion. However, the KSC denied review of its denial on April 21, 2009, and the motion was thereafter no longer pending. The federal statute of limitations began to run again at this time, and ran unimpeded until it expired 19 days later. The second 60-1507 motion filed by Mr. Griffin in January 2012 had no statutory tolling effect because the federal statute of limitations had already expired years earlier.

The question now is whether or not petitioner is entitled to equitable tolling. Petitioner did not respond to the question on "Timeliness of Petition" in his form application, and has not presented any facts suggesting that he is entitled to equitable tolling. A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); see *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied,* 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). In the habeas corpus context, equitable tolling has been limited to "rare and exceptional circumstances." *Gibson v. Klinger,* 232 F.3d 799, 800 (10th Cir. 2000). The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstance--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Id.* (internal citations omitted); *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). "Simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808.

Petitioner is given time to allege facts establishing his entitlement to equitable tolling or otherwise show cause why this petition for writ of habeas corpus should not be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d)(1). If he does not comply within the prescribed time, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30)

days in which to satisfy the filing fee prerequisite by either paying the fee of $5.00 or submitting a properly completed and supported motion for leave to proceed in forma pauperis on court-provided forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period, petitioner is required to show cause why this petition for writ of habeas corpus should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

The clerk is directed to send IFP forms to petitioner.

**IT IS SO ORDERED.**

**Dated this 15th day of October, 2013, at Topeka, Kansas.**

**s/Sam A. Crow**
**U. S. Senior District Judge**