## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ETHAN GRIFFIN,

                    Petitioner,

        v.                          CASE NO.  13-3166-SAC

ATTORNEY GENERAL,
STATE OF KANSAS,

                    Respondent.


ETHAN M. GRIFFIN,

                    Petitioner,

                            CASE NO.  13-3194-SAC

REX PRYOR, et al.,

                    Respondents.


### <u>O R D E R</u>

On November 22, 2013, this court entered a Memorandum and Order dismissing these two cases as time barred, which challenge the same convictions on the same grounds.[1]  Both cases are before the court upon Mr. Griffin's "Petition for Reconsideration" (Docs. 7, 5). These post-judgment motions were filed more than 28 days after entry of judgment and are therefore treated as Motions for Relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Having considered the motions together with the relevant materials

---

[1]    Petitioner alleges in his motions that when this court ordered him to show cause as to why Case No. 13-3166 should not be dismissed, he "inadvertently" thought his petition had to be re-done and sent in a new petition, causing the second case (13-3194) to be filed.  The cases were thus not intended as separate actions.  The court meant to consolidate these cases and stated as much in the body of its November 22, 2013, order.  However, consolidation was omitted from the order language.

in the files, the court finds that no valid grounds are stated and denies the motions.

## STANDARDS

Relief under Rule 60(b) is "extraordinary and may be granted only in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006)(citation omitted).  A "litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment."[2]  *Van Skiver v. U.S.*, 952 F.2d 1241, 1244 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992).  Rule 60(b) does not permit a losing party to reargue merits, rehash or restate arguments previously addressed, or present new legal theories or supporting facts that could have been included in petitioner's earlier filings.  *Wilkins v. Packerware Corp.*, 238 F.R.D. 256, 263 (D.Kan. 2006), *aff'd* 260 Fed.Appx. 98 (10th Cir. 2008)(citing *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996)); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Rule 60(b) is not a substitute for appeal. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576-77 (10th Cir. 1996).

---

[2]     Rule 60(b) provides in pertinent part that the court may relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The party seeking relief from a judgment bears the burden of demonstrating he satisfies the prerequisites for such relief. *Van Skiver*, 952 F.2d at 1243-44.

Post-judgment motions in federal habeas corpus cases are subject to the additional restrictions that apply to second and successive petitions set forth in 28 U.S.C. § 2244(b) and may not be used to circumvent that statute's strict requirements.[3] *Gonzales v. Crosby*, 545 U.S. 524 (2005); *Spitznas v. Boone*, 464 F.3d 1213 (10th Cir. 2006); see also *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006). In particular, the court notes that under § 2244(b) "[a] state prisoner may not file such a petition without precertification by the court of appeals that the petition meets certain stringent criteria." *Gonzales*, 545 U.S. at 528 (citing § 2244(b)). Thus, a Rule 60(b) motion that seeks to add a new ground for relief qualifies as a successive application as does a motion that "attacks the federal court's previous resolution of a claim *on the merits*." *Id.* at 532,

---

[3]     As the Supreme Court explained:

The relevant provisions of the AEDPA-amended habeas statutes, 28 U.S.C. §§ 2244(b)(1)-(3), impose three requirements on second or successive habeas petitions: First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. § 2244(b)(3).

*Gonzalez*, 545 U.S. at 529—30.

533-34; *U.S. v. Bovie*, 28 Fed.Appx. 734, 735 (10th Cir. 2001); see *Ochoa v. Sirmons*, 485 F.3d 538, 540 (10th Cir. 2007)(post-judgment effort to raise new claim by motion under Rule 59(e) is equivalent of second or successive petition under § 2244(b)).  On the other hand, a 60(b) movant is not asserting a successive habeas corpus claim "when he merely asserts that a previous ruling which precluded merits determination was in error – for example, a denial for reasons such as failure to exhaust, procedural default, or statute-of-limitations bar." *Gonzales*, 545 U.S. at 532, fn. 4.


**GROUNDS ALLEGED IN MOTION**

Petitioner's motions are identical.  They are divided into "BACKGROUND" and "ARGUMENTS AND AUTHORITIES," and none of his allegations are designated as grounds for relief.  Nor are the intended grounds easily discernible from petitioner's allegations. First, Mr. Griffin recounts the procedural history of his second 60-1507 motion initiated by him in January 2012 and alleges that in this state habeas action he "added to his prior allegations" the "charge of multiplicity instruction was given to the jury which caused the petitioner to be sentenced in multiplicity."[4]  Second, Mr.

---

[4]   However, a multiplicity claim was not included in The Kansas Court of Appeals' summary of petitioner's claims:

Griffin contended he was prejudiced by the release of a guilty verdict in the trial of a codefendant . . . while Griffin's trial was still in progress . . . and there were errors in the jury instructions, including the failure to give a lesser-included offense instruction.

Griffin alleges under "Arguments and Authority" that he filed his 2012 state habeas motion to raise the "new issue" of "multiplicity which led the petitioner to being sentenced to murder and burglary" and that this new issue was not addressed in state court and has "not been addressed before."[5]   Petitioner's references to certain exhibits suggest that he believes dismissal of his second 60-1507 as successive, which included his new multiplicity claim, was erroneous.  He also argues that the failure of either Judge Wheeler or his last appellate attorneys to address this multiplicity issue "produced extraordinary circumstances" and should not be held against him.  Petitioner asserts that this scenario is grounds for equitable tolling.  He also alleges that he diligently pursued all the different arguments he could find and claims that his nearly 100 pages of exhibits prove his diligence.  He states that this court should reconsider his petition "in order to stop a miscarriage of justice."   In addition, petitioner argues the merits of his

_____

*Griffin v. State*, 294 P.3d 362, 2013 WL 646494 (Kan.App. Feb. 15, 2013).

[5]     In his motions, petitioner refers the court to "page 6 of exhibit 88" and "page 3 exhibit 67," but no exhibits are numbered 67 or 88.  The first appears to be a reference to page 6 of a "Memorandum in Support of Habeas Corpus" filed by Mr. Griffin in the Lyon County District Court in his second 60-1507 action. Motion for Reconsideration (Doc. 5 at 89).  The second appears to reference the "Memorandum Decision" of Judge Wheeler filed on February 28, 2012.  *Id.* at 65. Petitioner takes issue with Judge Wheeler's finding that petitioner's multiplicity claim was "previously dealt with in motions or on direct appeal."  Petitioner disagrees and alleges that there "is no mention of multiplicity in any of the old jury instructions arguments from trial to now" and that the judge's holding is "an untrue statement of facts."  However, petitioner's own exhibit of his 60-1507 motion relied upon by Judge Wheeler contains petitioner's statements that the grounds raised therein were "previously presented" to a court and that no grounds had "not been previously presented."  *Id.* at 76.

multiplicity claim, contending that when a murder occurs during a felony, the defendant may be charged with both the murder and the felony in separate counts, but may only be convicted of either felony murder or the underlying felony, not both.  He claims that he was improperly convicted and sentenced for both.[6]

## ANALYSIS

None of petitioner's allegations entitle him to relief from judgment under Rule 60(b).  His main assertion that he has a new multiplicity claim certainly is not grounds for such relief.  This claim was not even raised in Mr. Griffin's federal petition.  As noted earlier, Rule 60(b) does not permit a losing party to present new legal theories or supporting facts that could have been included in petitioner's earlier filings.  Even if it had been included, the court's finding of a time bar would have precluded its consideration on the merits.  Petitioner has not identified Rule 60(b) or any of its subsections as the basis for his motion.  He does not allege or show that his multiplicity claim amounts to "newly discovered evidence that, with reasonable diligence, could not have been

---

[6]     Petitioner cites "Felony murder K.S.A. 21-3401" and "Multiplicity K.S.A. 21-3707(2)" for his argument that "separate offenses may be charged in separate counts, but upon prosecution for the same crime the defendant may be convicted of either the crime charged or the lesser included crime but not both."  Violations of state law are not grounds for federal habeas corpus relief.

discovered in time to move for a new trial,"[7] which entitles one to relief under Fed.R.Civ.P. Rule 60(b)(2).[8]  Moreover, petitioner's allegations are not shown to "involve the type of rare, unanticipated circumstances contemplated by Rule 60(b)(6) such that enforcement of the court's prior order would be inequitable."  See *Welch v. Centrex Home Equity Co., L.L.C.*, 224 F.R.D. 490, 497 (D.Kan. 2004). None of petitioner's allegations in his motion are typical post-judgment challenges to the court's findings on equitable tolling.  He does not allege error in the court's determination of any significant date or its calculations and conclusion that his application was filed beyond AEDPA's time limit.

Furthermore, petitioner's assertion of a new claim does not entitle him to equitable tolling as he contends.  He was advised in the court's show cause order that the crucial question had become whether or not he was entitled to equitable tolling and given time "to allege facts establishing his entitlement to equitable tolling."

---

[7]    Nor does petitioner suggest that his new claim amounts to newly discovered evidence entitling him to a later start date of the statute of limitations.  "If the petition alleges newly discovered evidence, . . . the filing deadline is one year from 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'"  *McQuiggin v. Perkins*, ___U.S.___, 133 S.Ct. 1924, 1929 (2013)(citing § 2244(d)(1)(D)).  Mr. Griffin could not credibly allege that the factual predicate for his new claim, his convictions of both felony murder and the underlying felony, was discovered any later than his convictions in state court.  In any event, the claim of entitlement to a later start date under § 2244(d) could have been raised prior to judgment and is a new legal theory that is not properly raised in a motion relief from judgment.

[8]    He does not articulate "mistake, inadvertence, surprise or excusable neglect" warranting relief under Rule 60(b)(1).  Nor do his allegations contain any suggestion of fraud or void judgment.

Yet he made no mention of a new multiplicity claim in his response. Even if the court could consider this new claim and new supporting facts in a post-judgment motion, petitioner's assertion of a new claim to challenge his conviction, without more, is not grounds for equitable tolling.[9]

The same principles defeat Mr. Griffin's arguments that the state court and his last appellate attorneys failed to address the multiplicity issue. These arguments are a new claim by petitioner of ineffective assistance of appellate counsel.[10] A new allegation that appellate counsel was ineffective in state criminal proceedings, without more, is not evidence of "extraordinary circumstances" for purposes of a Rule 60(b) motion challenging a

---

[9]     The only new claim that overcomes § 2244(d)'s statute of limitations is a convincing one of factual innocence, which falls within the "miscarriage of justice exception." See *McQuiggin*, 133 S.Ct. at 1928; *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). The Tenth Circuit has "stress[ed] that this actual innocence exception is rare and will only be applied in the extraordinary case." *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010)(internal quotation marks omitted). To take advantage of the "actual innocence" exception, a habeas petitioner must "present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error. . . ." *Schlup v. Delo*, 513 U .S. 298, 316 (1995). Furthermore, the petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. Mr. Griffin has not claimed to have newly discovered evidence of his factual innocence and alleges no facts to qualify him for the actual innocence exception. In any event, any such claim or evidence must have first been presented in his habeas corpus petition rather than a post-judgment motion.

[10]     The claim that Mr. Griffin's appellate attorneys were constitutionally ineffective for failing to raise a multiplicity claim on his behalf apparently was not exhausted, has been procedurally defaulted in state court, and is time-barred in this court. Petitioner raised claims of ineffective assistance of counsel in state court, and his last 60-1507 motion was successive because he had prior opportunities to raise all his claims, not necessarily because the judge mistakenly believed he had previously litigated his multiplicity claim.

judgment dismissing a federal petition as untimely or for establishing equitable tolling.[11]

Mr. Griffin does argue that he was diligent and busy trying to find and pursue all possible claims. Diligence is one of two elements that must be established for equitable tolling. However, this allegation is conclusory. Petitioner does not describe how he pursued proper claims with reasonable diligence throughout the crucial one-year time period from its start through its expiration or that any extraordinary circumstances beyond his control occurred during that period. See *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).[12] Moreover, the time for him to have presented all his arguments for equitable tolling was prior to judgment. The court repeats that Rule 60(b) does not permit consideration of new supporting facts that could have been included in earlier filings. Petitioner alleges no exceptional circumstances that prevented him from making this argument in either his petition or his response to the court's show cause order.

Petitioner's claim of manifest injustice is nothing more than a conclusory statement.

---

[11]   Such a claim might be grounds for relief from judgment in a court in which the attorney appeared and failed to present a valid claim on his client's behalf.

[12]   Petitioner's bald statement that his exhibits establish his diligence is insufficient. He does not point to any particular exhibit and explain how it shows that he was pursuing a tolling-type action during the time the statute of limitations was running.

It is evident that Mr. Griffin's new claim of multiplicity and related new claim of ineffective assistance of appellate counsel amount to a second and successive habeas application, rather than grounds for a Rule 60(b) motion.  To the extent that Mr. Griffin is attempting to obtain an adjudication on the merits of these new claims, that portion of his motion is subject to the gatekeeping requirements for a second and successive habeas application.  This court has no jurisdiction to hear new claims unless the applicant has obtained authorization from the Tenth Circuit Court of Appeals to file a second and successive petition.[13]  Mr. Griffin does not indicate that he sought and received the Circuit's certification that his multiplicity claim falls within the criteria for an exception to the successive-petition bar set forth in § 2244(b)(3).[14]

In summary, the court concludes that Mr. Griffin's allegations do not entitle him to relief from the judgment entered herein and that to the extent he seeks review of new claims, those claims are dismissed, without prejudice, for lack of jurisdiction.

In the event that it may be required, the court also finds that petitioner has not made "a substantial showing of the denial of a

---

[13]   The court declines to exercise its discretion to transfer these allegations to the Tenth Circuit for consideration of authorization because the petition is untimely and the interests of justice would not be served.  See *In re: Cline*, 531 F.3d 1249 (10th Cir. 2008).

[14]   As noted, § 2244 requires dismissal of any claim in a successive application that has not already been adjudicated unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence, § 2244(b)(2).  And it is the Court of Appeals, not the district court, that determines if the un-adjudicated claim qualifies under § 2244(b)(2)'s new-rule or actual-innocence provisions.  § 2244(b)(3).

constitutional right," and that a certificate of appealability under 28 U.S.C. § 2253(c)(2) is denied as a result.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motions for Reconsideration under Fed.R.Civ.P. Rules 60(b)(Docs. 5 & 7) are denied, and any new claims contained therein are dismissed, without prejudice.

**IT IS FURTHER ORDERED** that the court denies a certificate of appealability in these cases.

**IT IS SO ORDERED.**

Dated this 17th day of September, 2014, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge